A92A1941. DEPARTMENT OF TRANSPORTATION v. FRU-CON
CONSTRUCTION CORPORATION et al.
(427 SE2d 513)

CARLEY, Presiding Judge.

The facts, insofar as they are relevant to the resolution of the instant appeal, are as follows: Appellant-defendant Department of Transportation (DOT) undertook a highway construction project. DOT contracted with appellee-plaintiff Holloway Construction Company (Holloway) for the grading work and contracted with appellee-third-party-defendant Fru-Con Construction Corporation (Fru-Con) for the construction of some 15 bridges. The contract specified that Holloway would complete its grading work by certain specified dates and that, if it did not, it would be liable to DOT for liquidated damages. Holloway failed to complete its grading work within the times specified in its contract and, for this delay, DOT withheld liquidated damages from the amount of its final payment to Holloway. Holloway filed suit against DOT, seeking not only to recoup the liquidated damages which had been withheld from its payment, but also seeking to recover damages for DOT's alleged breach of contract. DOT answered Holloway's complaint and filed a third-party complaint against Fru-Con. Fru-Con answered and, after discovery, moved for summary judgment. The trial court granted summary judgment in favor of Fru-Con and DOT appeals.

If DOT is not liable to Holloway, then Fru-Con is not liable over to DOT. Insofar as Holloway seeks to recover for losses and expenses it incurred as the result of delay attributable to Fru-Con's performance of its bridge construction work, Holloway cannot recover from DOT. Paragraph 105.07 of Holloway's contract with DOT provides: "When separate contracts are let within the limits of any one project, each contractor shall conduct his work so as not to interfere with or hinder the progress or completion of the work being performed by other contractors. Contractors working on the same project shall assume all liability, financial or otherwise, in connection with his con-

tract and shall protect and save harmless [DOT] from any and all damages or claims that may arise because of inconvenience, delay, or loss experienced by him because of the presence and operations of other contractors working within the limits of the same project." This is a clear and unambiguous expression of the mutual intent that DOT was *not* to assume vicarious contractual liability for any losses and expenses incurred by Holloway as the result of delay in performance of the grading work which was attributable to Fru-Con's bridge construction work. *Department of Transp. v. Fru-Con Constr. Corp.*, 206 Ga. App. 821 (1) (426 SE2d 905) (1992). Under the contract, Holloway's remedy for delay attributable to Fru-Con's bridge construction work was to seek an extension of time so as to *excuse* its untimely performance of the grading work and thereby avoid liability to DOT for liquidated damages. See *Department of Transp. v. Fru-Con Constr. Corp.*, supra at 823 (2). DOT's remedy for *unexcused* delay of the grading work beyond the dates for completion specified in the contract was the assessment of liquidated damages against Holloway.

DOT would be liable to Holloway for any breach *by DOT* of its contract with Holloway. *Department of Transp. v. Arapaho Constr.*, 180 Ga. App. 341, 342 (1) (349 SE2d 196) (1986), aff'd 257 Ga. 269 (357 SE2d 593) (1987). However, DOT suggests no reason why Fru-Con would be liable over to it for damages incurred by Holloway as the result of DOT's *own* breach of its contract with Holloway. It follows that the trial court correctly granted summary judgment in favor of Fru-Con as to DOT's third-party action.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993 —
RECONSIDERATION DENIED JANUARY 29, 1993 —

*Michael J. Bowers, Attorney General, Hendrick, Spanos & Phillips, David R. Hendrick, William D. Flatt, Martin R. Salzman,* for appellant.

*Smith, Currie & Hancock, Joseph C. Staak, Wasson, Sours & Harris, W. Hensell Harris, Jr., David R. James,* for appellees.