### 72529. AUSTIN v. THE STATE.
(345 SE2d 688)

BANKE, Chief Judge.

Under indictment for two counts of child molestation, the appellant filed a plea in bar, asserting immunity from prosecution pursuant to OCGA § 19-7-5 (d) on the ground that the events on which the indictment was based "were first reported [to the authorities] by himself in an attempt to seek help for his family." This is a direct appeal from the denial of that plea. The state has moved to dismiss the appeal based on the appellant's failure to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34. *Held*:

The denial of the plea in bar does not constitute a final judgment, nor is the order otherwise directly appealable. We reject the appellant's contention that his claim of "immunity" is analogous to a claim of double jeopardy so as to entitle him to a direct appeal under the authority of *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), or *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375) (1983). Obviously, there has been no prior adjudication favorable to the appellant in the present case, by operation of law or otherwise.

The appellant's claim to immunity pursuant to OCGA § 19-7-5 (d) constitutes at most a defense to be asserted at trial. The immunity provided by that Code section clearly is applicable only to such civil or criminal liability as might otherwise result from the act of reporting suspected child molestation or abuse — not to such criminal liability as may arise from the commission of the molestation or abuse itself.

*Appeal dismissed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 29, 1986.

*Robert C. Sacks*, for appellant.

*Thomas C. Lawler III, District Attorney, Thomas A. Devlin, Jr., Assistant District Attorney*, for appellee.