## A92A1300. CENTEX-RODGERS CONSTRUCTION COMPANY v. McCANN STEEL COMPANY, INC.
### (426 SE2d 596)

COOPER, Judge.

In July 1989, appellant entered into a contract with the City of Roswell (the "City") for the construction of the Roswell Municipal Center. The contract was a standard American Institute of Architects ("AIA") contract (the "contract"), which required the contractor to incorporate the terms of the contract into each subcontract and to require each subcontractor to be bound by the contract and assume toward the contractor all obligations which the contractor assumed toward the owner. The contract contained a liquidated delay damages

paragraph, which provided that if appellant did not complete the construction within 390 days after the commencement date of August 1, 1989, appellant would be liable to the City for liquidated damages in the amount of $300 per day until the construction was complete.

In October 1989, appellant entered into a subcontract with appellee for the supply, fabrication and erection of structural steel needed in the construction project. The subcontract required that appellee perform all work in accordance with the "subcontract documents," which included the Subcontract, the General Conditions of the Subcontract, the Contract, and the Conditions of the Contract (General, Supplementary and other Conditions). The subcontract further provided that all of the subcontract documents were made a part of the subcontract; that appellee was bound by the terms of the general contract; that appellee assumed all obligations, liabilities and responsibilities that the appellant assumed toward the owner; that appellant was entitled to the benefit of all rights and remedies against appellee that the City had against appellant; and that in cases of conflict between the contract and the subcontract, the subcontract would control the relationship between the appellant and appellee. Appellant failed to complete the project within the time period specified in the contract, allegedly due to delays caused by appellee. Appellant subsequently filed an action for damages against appellee, asserting that appellee breached the subcontract by failing to timely fabricate, deliver and erect the structural steel. Appellee moved for partial summary judgment, seeking to limit its liability to $300 per day pursuant to the liquidated damages provision in the contract between appellant and the City. The trial court granted appellee's motion and this appeal followed.

1. In its first enumeration of error, appellant contends that the trial court erred in concluding that appellee, as a subcontractor, could benefit from the liquidated delay damages provision in the contract between appellant and the City. "As a matter of contract law, incorporation by reference is generally effective to accomplish its intended purpose where . . . the provision to which reference is made has a reasonably clear and ascertainable meaning. [Cit.]" *Binswanger &c. Co. v. Beers &c. Co.*, 141 Ga. App. 715, 717 (2) (234 SE2d 363) (1977). It is undisputed that a liquidated delay damages clause is contained in the general contract between appellant and the City. However, appellant argues that to the extent that the provision was incorporated into the subcontract, it is ineffective because it is in conflict with the subcontract which is the controlling document. The subcontract contains a provision which states: "[N]o right or remedy in the subcontract is intended to be exclusive of any other right or remedy, but every right or remedy shall be cumulative and shall be in addition to and not a limitation of any duties, obligations, rights and remedies

otherwise imposed or available by law." Therefore, appellant argues that since the provisions of the subcontract control, appellant should not be limited to the liquidated damages stated in the general contract. We agree. When a party breaches a material term of a contract, whether it be a term relating to time of performance or any other, and the other party is damaged thereby, compensation for actual damages is a right and remedy available to the damaged party by law unless the contract provides otherwise. See, e.g., *Home Ins. Co. v. North River Ins. Co.*, 192 Ga. App. 551, 558 (6) (385 SE2d 736) (1989); *Spalding Constr. Co. v. Simon*, 36 Ga. App. 723, 725 (1) (137 SE 901) (1927); OCGA § 13-6-1. Because the liquidated delay damages provision purports to limit appellant's right to actual damages, a right which would otherwise be available by law, it conflicts with that paragraph of the subcontract which provides that any right or remedy provided for in the subcontract shall not limit any right or remedy otherwise available by law. Accordingly, we conclude that the subcontract controls and the liquidated delay damages provision is ineffective.

2. Appellant also argues that even if the liquidated damages provision were incorporated into the subcontract, the provision is not valid and enforceable under Georgia law. However, in light of our conclusion that the liquidated delay damages provision was ineffective due to its conflict with a provision of the subcontract, it is unnecessary to address this enumeration of error.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 30, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992 ▮▮▮▮▮▮

*Law Offices of John C. Bach, John C. Bach, Gregory W. Glass, Robert J. Hulsey*, for appellant.

*Smith & Fleming, Kent P. Smith, Robert O. Fleming, Jr., David A. Rutherford*, for appellee.