A94A2036. CENTEX-RODGERS CONSTRUCTION COMPANY
v. CITY OF ROSWELL.
A94A2037. CENTEX-RODGERS CONSTRUCTION COMPANY
v. McCANN STEEL COMPANY, INC.
(449 SE2d 631)

BLACKBURN, Judge.

Centex-Rodgers Construction Company appeals the trial court's orders which confirmed the arbitration award and denied Centex-Rodgers' motion to compel further arbitration. Virtually the same order was entered in both Centex-Rodgers' action against McCann Steel Company, Inc. (Centex-Rodgers' action)[1] and the City of Roswell's action against Centex-Rodgers (Roswell's action). We have combined the two cases on appeal.

The underlying actions arose out of the construction of the Roswell Municipal Complex. Centex-Rodgers contracted to Roswell as the general contractor, McCann contracted to Centex-Rodgers as the subcontractor for the structural steel work, and Roswell was the owner of the project. Centex-Rodgers sued McCann for delay damages caused by problems with the steel erection, and McCann counterclaimed for delay damages and additional costs related to defective plans prepared by Roswell's architects. Upon McCann's motion to enforce its subcontract, the trial court ordered Centex-Rodgers to "file the Demand for Arbitration of Centex-Rodgers Construction Company for the use and benefit of McCann Steel Company, Inc. against the City of Roswell (hereinafter referred to as the February 28, 1992 order)." The trial court further required that Centex-Rodgers "in good faith, assist McCann Steel's presentation of its 'pass-thru' claims against the City of Roswell in a fair and serious manner." In compli-

---

[1] The Centex-Rodgers' action was previously before this court on an unrelated issue. See *Centex-Rodgers Constr. Co. v. McCann Steel Co.,* 206 Ga. App. 827 (426 SE2d 596) (1992).

ance with the court's order, Centex-Rodgers filed a demand for arbitration against Roswell for the use and benefit of McCann.

Almost a full year prior to the February 28, 1992 order, Centex-Rodgers filed a demand for arbitration against Roswell. This demand included claims on its own behalf, as well as on behalf of a number of its subcontractors, *not* including McCann Steel. The demand did not include a claim by Centex-Rodgers for delay damages against Roswell. On December 6, 1991, the arbitration panel awarded damages to Centex-Rodgers and three of its subcontractors. Roswell paid the award.

Upon Centex-Rodgers' compliance with the trial court's February 28, 1992 order, Roswell filed its action seeking to enjoin a second arbitration with Centex-Rodgers regarding the same construction project. By order dated September 24, 1992, the trial court granted Centex-Rodgers' motion to compel arbitration, and specifically required that all remaining issues between Centex-Rodgers and Roswell be arbitrated, including Roswell's waiver claims.[2]

Despite this order, Centex-Rodgers failed to file any claims in the pending arbitration. The arbitrator determined that Centex-Rodgers had not waived its right to arbitration, and that the arbitration regarding the claim for extra work and delay was to proceed. The arbitrator entered a consent award on September 21, 1993, adopting the settlement agreement of McCann and Roswell, which provided that Roswell pay McCann $80,000, and that Roswell issue to Centex-Rodgers for the use and benefit of McCann, a time extension of 150 days on the completion date of the construction contract.

1. Pursuant to OCGA § 9-9-12, Roswell and McCann filed motions in their respective superior court actions to confirm the arbitrator's award. Thereafter, Centex-Rodgers filed motions to compel further arbitration, contending that the settlement agreement between Roswell and McCann created a new cause of action for Centex-Rodgers. The trial court determined that Centex-Rodgers' claims were barred by res judicata.

"A 'cause of action' is generally referred to as the right to sue for a thing done or omitted to be done which causes a grievance for which

---

[2] The trial court's order required that "[a]ll issues that remain and exist between Centex-Rodgers and Roswell arising out of the construction of the Roswell Municipal Complex . . . including issues as to whether Centex-Rodgers' conduct constituted a waiver or release, accord and satisfaction or gave rise to any other defense which would terminate Centex-Rodgers' rights under the construction contract, as well as those issues ordered to be the subject of arbitration in [the trial court's February 28, 1992 order in Centex-Rodgers' action], and issues raised by Centex-Rodgers' counterclaim in [Roswell's action] shall be arbitrated in American Arbitration Association Case No. 30 110 0006392, styled *Centex-Rodgers Construction Company for the use and benefit of McCann Steel, Inc. v. The City of Roswell.*"

the law gives a remedy. The 'cause' is the right of the party to bring the suit, and the 'action' is the means of enforcing the right. In Georgia, 'cause of action' has been defined as 'all the facts which together constitute the plaintiff's right to maintain the action.' " (Citations and emphasis omitted.) *Winters v. Pund*, 179 Ga. App. 349, 352 (346 SE2d 124) (1986). In the present case, all the facts constituting any cause of action for Centex-Rodgers' delay damages against Roswell and McCann existed, at the latest, by the completion of the construction of the Roswell Municipal Complex. Centex-Rodgers seeks to use the settlement agreement entered into between Roswell and McCann, to establish Roswell's liability for delay damages. However, an admission of liability does not *create* a cause of action, at most, it concludes a cause of action.

"A plaintiff who has a cause of action is not permitted to split his single cause to seek, in successive litigation, enforcement of first one remedy and then a second. [Cits.]" Id. Centex-Rodgers' actions in failing to comply with the trial court's September 24, 1992 order, by not filing its delay claim against Roswell, precludes it from now attempting to bring it. Centex-Rodgers recognized this outcome during the hearing in the trial court to confirm the arbitration award when responding to the court's question as to why Centex-Rodgers had not filed a delay claim against Roswell in the arbitration. Centex-Rodgers stated, "any right that we had at that time I think would have been greeted with, you have waived it, you have signed off on it, you have arbitrated with us previously in our own right, and procedurally we would have been barred at that point in time." Unfortunately for Centex-Rodgers, Roswell's settlement with McCann does not magically create a new claim. Therefore, the trial court was correct in denying Centex-Rodgers' motion to compel further arbitration against Roswell.

2. Next, we must determine the effect of the arbitration award on Centex-Rodgers' claim for delay damages against McCann. McCann contends, and the trial court agreed, that the consent judgment granting McCann a 150-day extension was res judicata as to Centex-Rodgers' claims against McCann. Centex-Rodgers maintains that as it was not a "real" party to the arbitration, but merely involved "for the use and benefit of McCann," the consent judgment should not affect its rights. Although Centex-Rodgers was given the opportunity to object to the proposed settlement at the arbitration hearing, Centex-Rodgers merely asserted that the settlement was not binding on Centex-Rodgers. However, as we determined in Division 1, Centex-Rodgers was ordered to participate in the arbitration as a party. Centex-Rodgers chose to disregard the court's order, to its peril. The trial court correctly determined that the arbitration award was binding on Centex-Rodgers.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED OCTOBER 24, 1994 — 

*Bach & Hulsey, John C. Bach, Robert J. Hulsey,* for appellant.
*Kenneth G. Menendez, Smith & Fleming, Kent P. Smith, David A. Rutherford,* for appellees.