A96A0566. RAGAN ENTERPRISES, INC. v. L & B
CONSTRUCTION COMPANY, INC. et al.
(472 SE2d 88)

BIRDSONG, Presiding Judge.

Ragan Enterprises, Inc. ("REI"), a subcontractor on a construction project, filed suit against the general contractor, L & B Construction Company, Inc. and its surety for breach of contract caused by L & B's two-year delay in completion of the project.

REI and L & B filed cross-motions for partial summary judgment on the issue of whether the subcontract contains a "no damages for delay" clause. REI contends this clause does not bar it from recovering damages for delay: "Should subcontractor be delayed in his work by contractor then contractor shall owe subcontractor therefor only an extension of time for completion equal to the delay caused and then only if a written claim for delay is made to the contractor within forty-eight hours from the time of the beginning of the delay."

The trial court granted L & B's motion for partial summary judgment on this issue and denied REI's motion for partial summary judgment. REI appeals. *Held*:

1. REI contends that the clause merely provides for time extensions with no mention of delay damages, and it does not bar recovery of damages for delay. We agree.

(a) " '(E)xculpatory clauses must be clear and unambiguous, they must be specific in what they purport to cover, and any ambiguity will be construed against the drafter of the instrument.' " *Dept. of Transp. v. Arapaho Constr.*, 180 Ga. App. 341, 343 (349 SE2d 196). This subcontract contains no clear, unambiguous, specific bar to damages for delay. At best, the provision that the contractor "shall owe . . . only an extension of time for completion equal to the delay caused" is ambiguous as to whether "only" refers to the length of the extension of time given or to the spectrum of remedies allowed. Since this exclusionary clause is not "specific in what [it] purports to cover," such ambiguity is construed against the drafter, who was the contractor. Id. The clause on its face does not provide a bar to recovery of damages for the subcontractor's delay.

See similarly *Redman Dev. Corp. v. Piedmont Heating &c.*, 128

Ga. App. 447, 451 (197 SE2d 167), where a clause also contained language that in case of delay the contractor " ' "shall owe subcontractor therefor only an extension of time for completion equal to" ' " the period of delay, but immediately following that language the contract provided: " ' "Subcontractor shall not be entitled to claim or recover damages or loss of profits from contractor under any circumstances." ' " Id. The issue was whether this exculpatory clause applied clearly only to the "delay" provision or was a release of all damages in addition to delay damages. We held that it did not amount to a bar of all damages for " '[i]f this were intended it would have been inserted as a separate paragraph or subparagraph.' " That reasoning applies here. There is unambiguous, unmistakable language by which a contractor can exculpate itself from recovery of damages for delay if the parties so intend. See *Dept. of Transp. v. APAC-Ga.*, 217 Ga. App. 103 (4) (456 SE2d 668), where summary judgment was properly denied because there was nothing in the agreement specifically barring the plaintiff from recovery of delay damages.

(b) Moreover, in view of the subcontract's failure to mention any remedy exculpated for delay, we affirmatively conclude that the language that contractor shall owe "only *an extension of time . . . equal to the delay caused*" plainly refers only to the length of an extension of time. (Emphasis supplied.) Under the rules of construction of exculpatory clauses, this language cannot be construed in the drafter's (contractor's) favor to bar recovery of damages. See *Dept. of Transp. v. Arapaho Constr.*, supra.

(c) Another clause in the subcontract supports the conclusion that the parties did not intend to exculpate the contractor for delay damages. That clause, which immediately follows the subject clause, exculpates the contractor for delay or other damages caused by others *"beyond contractor's control,* or on account of any circumstances caused or contributed to by the subcontractor"; it further provides "contractor will cooperate with subcontractor to enforce any just claim against the owner or architect for delay." (Emphasis supplied.) By stating that the contractor will not be liable for damages for delay beyond his control or on account of circumstances contributed to by the subcontractor, this clause anticipates that the contractor *will* be liable for damages for delay *within* its control and *not* caused or contributed to by the subcontractor. This clause also shows that in drafting this contract, the parties considered the matter of delay damages; they knew what to say in order to provide a complete bar to the contractor of damages for its own delay, but they did not say it.

2. The contractor contends its subcontract with REI is controlled by a provision in the contractor's general contract with the owner, which *does* contain a clause specifically precluding the recovery by

the contractor of delay damages from the owner. The contractor contends this exculpatory provision in the general contract inures to the contractor by virtue of the subcontract's so-called "flow-down" provision, viz., "contractor shall have the same rights and privileges as against the subcontractor herein as the owner in the general contract has against contractor."

The "flow-down" principle which allows construction of a contract by reference to another contract cannot be applied where the two provisions in question are conflicting. See *Centex-Rodgers Constr. Co. v. McCann Steel Co.*, 206 Ga. App. 827, 828 (1) (426 SE2d 596). As stated in Division 1, the nature of an exculpatory clause is such that to be effective as a bar to recovery of damages, it " 'must be clear and unambiguous, [it] must be specific in what they purport to cover, and any ambiguity will be construed against the drafter of the instrument.' " *Dept. of Transp. v. Arapaho Constr.*, supra at 343. Since the subcontract does not contain an exculpatory clause for delay damages against the contractor, the construction of the provision in the subcontract on its face is conclusive that the subcontractor is not barred from recovering such damages. Since that result is conclusive, affirmative, and not in doubt, there is no merit in the contractor's argument that the subcontract is "silent" on this point and that therefore no conflict exists between it and the bar of delay damages in the general contract. Any ambiguity in this exculpatory clause in the subcontract is not "filled in" by terms in the general contract, for this would violate the rule on interpretation of exculpatory clauses; moreover, in Division 1 (b) above, we have affirmatively found that there is no ambiguity in the clause in that it contains no bar to recovery of damages for delay.

3. L & B's contention that it may be liable for damages for delay only if bad faith or fraud is proved, is inadequately supported by argument and support and is without merit.

The trial court erred in granting defendant L & B's motion for partial summary judgment and in denying plaintiff REI's motion for partial summary judgment.

*Judgment reversed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 6, 1996 —
RECONSIDERATION DENIED MAY 29, 1996 — 

*Smith, Howard & Ajax, Larry S. McReynolds, Scott D. Cahalan*, for appellant.

*Bovis, Kyle & Burch, John V. Burch, Gregory R. Veal*, for appellees.