## A96A2526. ALTAMA DELTA CORPORATION v. HOWELL et al.
(483 SE2d 127)

JOHNSON, Judge.

In 1987, the shareholders of Altama Delta Corporation sold all corporate stock and assets to Wyatt & Broos Merger Sub, Inc. The business continued to operate under the name Altama Delta Corporation, though Wyatt & Broos eventually sold all the stock and corporate assets to its present owners.

The former shareholders, the 1987 sellers, are the plaintiffs in this action. The terms of the 1987 purchase agreement were memorialized in three documents: A November 18, 1987 "Agreement of Merger"; a December 1, 1987 "First Amendment to Agreement of Merger"; and a December 29, 1987 "Subordinated Promissory Note." The total purchase price was $10,000,000, subject to some adjustments not relevant to this case. $9,000,000 (as adjusted) was paid at closing. The sellers accepted the "Subordinated Promissory Note" in the original principal amount of $1,000,000 as the remainder of the purchase price.

Altama Delta was to make quarterly interest payments on the note until 1990, and thereafter to make quarterly payments of interest and principal. The sellers made warranties in the merger agreement regarding such things as the company's inventory, debts and liquid assets, tax liability, compliance with environmental laws, title to real estate, and the condition of its equipment. Any expenses to Altama Delta resulting from a breach of any of these warranties could be deducted from the unpaid principal balance of the promissory note, which would then be re-amortized over the remainder of the original term.

Altama Delta made some, but not all, scheduled note payments. Some of the original stockholders/sellers filed the instant action seeking recovery upon the promissory note. Later, the remainder of the original sellers, or their representatives or successors, were added as plaintiffs. In responding to this lawsuit, Altama Delta's answer and counterclaim contended that the entire shortfall in payments under the promissory note was attributable to warranty breaches.

Altama Delta Corporation appeals from three orders entered by the superior court in this action. The first granted partial summary judgment to the plaintiffs; the second added parties as plaintiffs and limited the potential liability of some new plaintiffs under Altama Delta's counterclaim; the third denied Altama Delta's motion to dis-

miss for failure to join indispensable parties. For the reasons set out below, we reverse the grant of partial summary judgment and affirm as to the other two orders.

1. Altama Delta maintains the trial court erred in granting the sellers' motion for partial summary judgment. We review de novo a ruling on summary judgment. *Artlip v. Queler*, 220 Ga. App. 775, 776 (470 SE2d 260) (1996).

The challenged order limited the sellers' potential counterclaim liability to the amount of the note's unpaid principal. The trial court relied on § 10.2 (f) of the merger agreement, which provided in pertinent part: "In the event any of the Shareholders who are payees under the Promissory Note are liable to Altama Delta pursuant to this Article X [providing for survival of all the agreement's warranties after the closing], the unpaid principal amount of the promissory note shall be reduced by the amount of such liability (but not below zero). . . ."

The construction of a contract is a question of law, for resolution by the court, unless the contract contains an ambiguity regarding the parties' intent that cannot be resolved by applying the rules of construction. *Duke v. KHD Deutz of America*, 221 Ga. App. 452, 453 (471 SE2d 537) (1996). One of the most fundamental rules of construction is that a court should, if possible, construe a contract so as not to render any of its provisions meaningless. *Harris County v. Penton*, 211 Ga. App. 498, 499 (439 SE2d 729) (1993). If the court cannot resolve an ambiguity in the contract, then the jury must determine its meaning. *Century 21 &c. v. Cason*, 220 Ga. App. 355, 358 (2) (d) (469 SE2d 458) (1996).

Altama Delta correctly contends that the trial court's construction of "but not below zero" conflicts with two sections of the merger agreement. The first is § 3.30: "The Shareholders shall indemnify and hold harmless Altama Delta and Parent for *any and all* taxes, penalties and interest assessed against Altama Delta, either Subsidiary or International after the date hereof with respect to any taxable period ending on or before the Effective Date, and for any tax imposed pursuant to Code Section 4978." (Emphasis supplied.) The second is § 10.2 (a), which obligates the sellers to indemnify Altama Delta and hold it harmless for "any and all" losses arising from breach of the sellers' warranties.

The sellers respond, however, that unless "but not below zero" is construed as exculpating them from liability beyond the note's unpaid principal, it is rendered an essentially meaningless restatement of the obvious principle that the payor owes the payee on a promissory note, not vice versa.

Because any interpretation will render some part of the contract meaningless, the contract is clearly ambiguous. Altama Delta cites

*Hall v. Skate Escape*, 171 Ga. App. 178, 179-180 (319 SE2d 67) (1984), and *Dept. of Transp. v. Arapaho Constr.*, 180 Ga. App. 341, 343 (1) (349 SE2d 196) (1986), for another rule of construction which it claims resolves the ambiguity: Exculpatory clauses "must be clear and unambiguous, they must be specific in what they purport to cover." Id. In both *Skate Escape* and *Arapaho*, however, as well as in the more recent cases of *Dept. of Transp. v. APAC-Ga.*, 217 Ga. App. 103, 106 (3) (456 SE2d 668) (1995) and *Ragan Enterprises v. L & B Constr. Co.*, 221 Ga. App. 543 (1) (a) (472 SE2d 88) (1996), the defendants seeking exculpation drafted the instruments. Each of those cases held that ambiguities in exculpatory clauses are to be construed against the drafters. *Skate Escape*, supra at 180; *Arapaho*, supra at 343 (1); *APAC-Ga.*, supra at 106 (3); *Ragan*, supra at 543 (1) (a). In the case before us, by contrast, the record does not disclose who drafted the merger documents. On this record, therefore, the ambiguity is not resolved as a matter of law by the rules of construction. Thus, a genuine issue of material fact remains as to this phrase's meaning within the context of the entire agreement, and it was error to grant summary judgment. See *Century 21 &c.*, supra.

2. Altama Delta contends the lower court erred in allowing appellees White, White-Plouffe, and Pontello to join the action as plaintiffs, while limiting their potential counterclaim liability to the amount of principal and interest they might otherwise receive under the note. These appellees are beneficiaries of a trust which was a stockholder and one of the 1987 sellers.

(a) OCGA § 9-11-21 provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The grant or denial of a motion to join parties under this statute is within the discretion of the trial court. See *Zappa v. Automotive Precision Machinery*, 205 Ga. App. 584, 585 (5) (423 SE2d 286) (1992). Altama Delta has shown no abuse of that discretion in the adding of White, White-Plouffe, and Pontello as plaintiffs.

(b) OCGA § 53-12-199 (c) provides: "A judgment rendered in an action brought against the trust shall impose no personal liability on the trustee or the beneficiary." Though *Crow v. Cook*, 215 Ga. App. 558, 563 (3) (451 SE2d 467) (1994) questioned whether this statute effectively abolished the common law rule allowing trustees to be held liable, Altama Delta has cited no cases suggesting that beneficiaries might also be held liable, even under the common law. The trial court did not err in limiting the potential liability of White, White-Plouffe, and Pontello to the amount they would otherwise have received as trust beneficiaries, and its order is affirmed.

3. Altama Delta claims the trial court erred in denying its motion to dismiss for failure to join indispensable parties plaintiff.

This motion was heard before the trust beneficiaries and some other sellers became plaintiffs. Some sellers were by that time deceased. The trial court denied the dismissal motion, and ordered the non-party sellers, or their successors or representatives, to show cause why they should not be added as involuntary plaintiffs. Eventually all the sellers or their representatives were joined, with the limitation discussed above as to the liability of the trust beneficiaries.

The proper remedy for failure to join indispensable parties is not dismissal, but joinder. *Zappa*, supra; see OCGA § 9-11-19 (a), listing circumstances in which a court "shall order" a person joined if feasible. Before granting a motion to dismiss for failure to join indispensable parties, a court must allow a reasonable time for the absent parties to be joined. *Hill v. McGarity*, 205 Ga. App. 850, 851 (424 SE2d 62) (1992). Even if it is not feasible to join a party described in OCGA § 9-11-19 (a), the court may in some circumstances allow the action to proceed without that party. See OCGA § 9-11-19 (b). A trial court could not adhere to these principles, or exercise its discretion under OCGA § 9-11-21 to add parties (see *Zappa*, supra), without the discretion to deny motions to dismiss for failure to join parties. We find no abuse of discretion in this instance, and the order denying Altama Delta's motion to dismiss is affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 20, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997 — 

Morris, Manning & Martin, Warren W. Wills, Jr., Bradley C. Skidmore, Austin E. Catts, for appellant.
Oliver, Maner & Gray, James L. Pannell, Virginia J. Bryson, Adam S. Poppell III, for appellees.