A96A0566. RAGAN ENTERPRISES, INC. v. L & B
CONSTRUCTION COMPANY, INC. et al.
(492 SE2d 671)

BIRDSONG, Presiding Judge.

In *Ragan Enterprises v. L & B Constr. Co.,* 221 Ga. App. 543 (472 SE2d 88) we reversed the grant of summary judgment to L & B Construction Company, holding that the subcontract between general contractor L & B and subcontractor Ragan Enterprises did not bar Ragan's recovery of damages for a two-year delay because exculpatory clauses must be clearly and unambiguously stated and " ' "must be specific in what they purport to cover." ' " Id. The Supreme Court determined the clause in the subcontract in this case was "specific" enough to exculpate the contractor of damages even though it did not specifically mention damages. *L & B Constr. Co. v. Ragan Enterprises,* 267 Ga. 809 (482 SE2d 279).

Following the remittitur, Ragan filed a "supplemental brief" urging this Court to address its remaining enumerations and to hold that the no-damages-for-delay clause in this contract is not enforceable because L & B's delay was caused by bad faith and because L & B breached an express duty to schedule and coordinate the work and breached an implied duty not to delay Ragan's performance.

The Supreme Court held Ragan cannot recover damages for L & B's delays, "except those involving fraud and bad faith." The actual phrase in the general contract, which the Supreme Court held "flows down" to the parties' subcontract, prohibits delay damages except those "due *solely* to fraud or bad faith on the part of the owner or his agents." (Emphasis supplied.) The bad faith alleged by Ragan is L & B's failure to provide access to work sites, to coordinate the work, and to resolve discrepancies and deficiencies in the plans and specifications in a timely manner, and the fact that L & B ignored Ragan's frequent complaints that the work was not being planned, scheduled and coordinated. However, no specific evidence is shown by Ragan that the delay in this case was due *"solely"* to L & B's bad faith or fraud. Ragan asserts the parties could not reasonably have contemplated a delay of "this kind and magnitude," that the delays were unreasonable in duration and that the delays were caused by L & B's "active interference." All this may be true but it does not necessarily follow that the entire delays, even those occurring as the result of active interference, were caused *"solely"* by L & B's bad faith or fraud, that is by wilful and wanton acts or malicious intent or interested or sinister motive. See *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 541 (481 SE2d 541); *Michaels v. Gordon*, 211 Ga. App. 470 (2) (b) (439 SE2d 722); *McDonald v. Winn*, 194 Ga. App. 459, 460 (390 SE2d 890). Ragan's duty as respondent on motion for summary judgment is to show by specific evidence that a genuine issue of material fact exists on this issue, and generalized assertions of bad faith do not satisfy that duty. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

Pursuant to the Supreme Court's holding, the summary judgment granted to L & B Construction by the trial court is hereby affirmed.

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JULY 10, 1997 —
RECONSIDERATION DENIED OCTOBER 21, 1997.

*Smith, Howard & Ajax, Larry S. McReynolds, Scott D. Cahalan,* for appellant.

*Bovis, Kyle & Burch, John V. Burch, Gregory R. Veal*, for appellees.