A04A1271. OUELLET v. TILLITSKI et al.
(604 SE2d 559)

BARNES, Judge.

Jeannot Ouellet sued psychologist Christopher Tillitski and Behavioral Medicine, LLC (Tillitski), for professional malpractice, false arrest, destruction of evidence, breach of contract, and emotional distress. He brought the suit on behalf of himself and his son, J. O. Tillitski answered, asserting among other defenses that he was entitled to immunity. After extensive discovery, Tillitski moved for summary judgment, arguing that he was entitled to immunity from this suit under the child abuse reporting statute, OCGA § 19-7-5. He also sought summary judgment based on the running of the statute of limitation and because Ouellet failed to sustain his burden of proof in establishing all the elements of his claims. The trial court granted

summary judgment to Tillitski, finding that he had immunity under OCGA § 19-7-5, and Ouellet appeals. For the reasons that follow, we affirm.

On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001). Further, when ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). On motions for summary judgment, however, courts cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

The record in this case spans twenty-two volumes and more than 4,500 pages, including seven depositions and many exhibits. After exhaustively reviewing the record, we must conclude that the trial court was correct in granting summary judgment to Tillitski, considering the Supreme Court of Georgia's thorough analysis of the child abuse reporting statute in *O'Heron v. Blaney*, 276 Ga. 871 (583 SE2d 834) (2003). Because we cannot improve upon the trial court's analysis of the facts and the law, we will quote extensively from it.

> The material facts [in this case] are not in dispute. [J. O.'s] family doctor, Dr. Stephen Taunton, referred [J. O.] to Charter Lake Hospital where [J. O.] was seen on January 16, 1996. [J. O.] was then referred to Defendant, a licensed psychologist with a working relationship with Charter Lake Hospital. Defendant first saw [J. O.] on January 23, 1996, at which time [J. O.] was five years old. Based on Defendant's diagnosis of [J. O.] as a victim of sexual abuse, Defendant reported the matter to the Monroe County Department of Family and Children Services (DFACS), who then contacted the Monroe County Sheriff's Office. Sheriff's Investigator Ricky Speir investigated the matter and learned that [J. O.] had made statements to several persons about possible sexual abuse by his father. On March 11, 1996, Investigator Speir took out a warrant for the arrest of Plaintiff Jeannot

Ouellet for the offense of aggravated child molestation involving his son, [J. O.]. After a preliminary hearing on July 30, 1996, the magistrate found probable cause to bind the case over to the Superior Court. Eventually, on August 6, 1997, the Monroe County grand jury no billed the indictment.

Defendant provided counseling and treatment to [J. O.] over a period of time with the last visit being May 1, 1998. Plaintiff Jeannot Ouellet did not see his children during this time until after a hearing in May 1998, before Judge McGarity, who declined to change custody but did allow visitation. Plaintiffs have now mounted a vigorous attack on Defendant's diagnosis and treatment of [J. O.], which must be evaluated in the context of the statutory provision for immunity for certain professionals who are obliged to report suspicions of abuse to appropriate agencies.

OCGA § 19-7-5 mandates that certain persons, including licensed psychologists, OCGA § 19-7-5 (c) (1) (D), report to a child welfare agency whenever they have "reasonable cause to believe that a child has been abused." Knowing and willful failure to do so is a misdemeanor criminal offense. OCGA § 19-7-5 (h). Subsection (f) provides for immunity from civil or criminal liability provided such report "is made in good faith."

The recent decision of *O'Heron v. Blaney*, [supra,] 276 Ga. [at 873], provides the analytical framework for this case and makes clear that "immunity may attach in two ways, either by showing that [a] 'reasonable cause' exists or by showing 'good faith.'" In *O'Heron*, grandparents sued the doctor and the doctor's employer over a report by the doctor to a detective about suspected sexual abuse by the grandparents of their grandchild. The criminal charges against the grandparents were eventually no billed. They then sued for malicious prosecution, professional malpractice, and ordinary negligence. The Supreme Court ruled the trial court correctly entered summary judgment for the doctor and her employer.

The case of *Michaels v. Gordon*, 211 Ga. App. 470 [(439 SE2d 722)] (1993) is also helpful. In *Michaels,* parents sued a licensed psychologist who conducted two interviews of their child and concluded the child had been sexually molested by the father. The grant of summary judgment to the doctor based on immunity was affirmed. The Court noted that evidence of the doctor's unprofessional acts and omissions may support a finding of negligence or bad judgment

but it is not sufficient to prove bad faith. The good faith immunity provision was held to apply to any alleged medical malpractice committed by the psychologist arising out of the investigation of suspected child abuse.

Immunity, by definition, provides a defense to a person who reports child abuse where there would otherwise be the potential for liability for ordinary or professional negligence or perhaps some other claim. As the statute and case law make clear, reports of suspected child abuse are to be encouraged, even at the expense of protecting someone who has made such a report that may prove to be wrong. The protection of the statute requires the reporter to have objectively had a reasonable cause to suspect abuse or to have made the report in good faith.

The Court finds and concludes that Defendants are entitled, as a matter of law, to the benefit of the immunity protection of OCGA § 19-7-5. Whatever may be said about Defendant's adherence, or lack thereof, to his professional standards in the evaluation and diagnosis of [J. O.] as a suspected victim of child abuse, the undisputed record in this case supports a finding that Defendant had a reasonable cause to believe [J. O.] had been abused and thus a duty to report it, as he did. Plaintiff's own expert, Dr. Naomi Rucker, testified Defendant was "well intentioned," "did what he thought was right," and that she did not criticize him for reporting the matter to DFACS. Further, the undisputed record in this case supports the additional finding that Defendant acted in good faith, which is to be evaluated by more of a subjective standard. *O'Heron*, supra, [276 Ga. at 873]. At the hearing before Judge McGarity in May 1998, Plaintiff's position was that the entire story about sexual abuse was fabricated by [J. O.'s] mother in order to gain an advantage in the ongoing battle over custody and visitation. Whatever may be said about the mother's behavior, the record in this case reveals that Defendant's first contact with [J. O.] came about by means of a normal and proper referral from a psychiatric hospital who saw the child on referral by the child's regular doctor. Defendant's testimony by affidavit that he had a reasonable cause to believe [J. O.] was abused and that his report to DFACS was made in good faith is not contradicted by the record. Plaintiff's impassioned demonstration of negligence and bad judgment by Defendant does not overcome Defendant's immunity. *O'Heron*, supra; *Michaels*, supra.

In ruling on Defendant's Motion for Summary Judgment, the Court is not called upon to resolve whether [J. O.'s] father molested him, and does not do so. Further, the Court is not called upon to resolve whether Defendant was negligent and breached the standard of care for licensed psychologists. Even assuming Defendant was negligent and used bad judgment, the Court finds that he is protected by the statutory immunity provision. Given that Plaintiff's claims are dependent on Defendant's role in carrying out his mandated duty to report suspected abuse, the Court finds that the immunity defense covers all of the claims asserted by Plaintiffs. As such, no further analysis or ruling is needed as to the individual claims and their elements or as to Defendant's contention that Plaintiff's claims are barred by the statute of limitations.

After independently reviewing the evidence de novo, we conclude that the trial court did not err in granting summary judgment to Tillitski.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 27, 2004 —
RECONSIDERATION DENIED SEPTEMBER 15, 2004 — ■

*Malcolm K. Sullivan, Michael A. Dillon,* for appellant.
*Gorby, Reeves, Peters & Burns, Michael J. Gorby, Christine A. Carson,* for appellees.