### 58906. ROTHSTEIN v. DEKALB COUNTY HOSPITAL AUTHORITY.

BIRDSONG, Judge.
Default judgment. The DeKalb County Hospital Authority d/b/a DeKalb General Hospital sued the appellant Rothstein on an open account. Rothstein filed an answer pro se, and subsequently filed a motion to dismiss. The motion came on for hearing but Rothstein made no appearance. The trial court denied the motion to dismiss. The case then was set for hearing before a jury. On March 9, 1979, counsel for the hospital, with the consent of Rothstein, obtained a continuance. By letter of March 13, 1979, counsel for the hospital, with the consent of Rothstein, obtained a continuance. By letter of March 13, 1979, counsel for the hospital requested the clerk to

place the case on the next available calendar. This letter, which shows that a copy ostensibly was sent to Rothstein, was filed with the court on March 19, 1979. On May 8, 1979, Rothstein, still proceeding pro se, filed an amendment to his answer and a motion for summary judgment. Rothstein obtained a rule nisi setting the hearing on the motion for summary judgment on June 29, 1979. The attached certificate of service shows that the motion and rule nisi were served personally upon counsel for the hospital on May 8, 1979. Rothstein by his brief denies ever receiving a copy of the appellee's March 13th letter or any notification that the case had been placed back upon the calendar on any particular date. By a judgment of the State Court of DeKalb County dated May 14, 1979, default judgment was entered against Rothstein. The basis of the default judgment was that when the case was called for trial on that date, plaintiff hospital represented by counsel answered ready, but Rothstein was not present. The "three minute rule" was invoked, Rothstein's answer dismissed, and default judgment entered against Rothstein. Rothstein brings this appeal enumerating as error both the failure of the court to consider his pending motion for summary judgment and the grant of the default judgment. *Held:*

We are confronted in this case with conflicting orders of the trial court. One relates to the default judgment entered during the interim between the filing of a motion for summary judgment and the hearing set by a rule nisi. We note that absent the default judgment which states that the instant case came on for hearing on May 14, 1979, nothing appears of record showing that such a date had been established. On the other hand, there is in the record the rule nisi on the motion for summary judgment setting a hearing on June 29, 1979. We conclude that once the rule nisi was authorized by the trial court setting a hearing on June 29, 1979, the appellant Rothstein had the right to rely on that hearing date until the rule was vacated or withdrawn. We will not rule that the rule nisi was vacated by the default judgment; Rothstein was entitled to his hearing. We therefore hold that the trial judge committed reversible error by calling the case for trial and entering a default judgment based on non-appearance during the

pendency of the defendant's motion for summary judgment and prior to June 29, 1979. *Pittman v. U.S. Shelter Corp.*, 150 Ga. App. 37, 38 (256 SE2d 646).

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED JANUARY 11, 1980.

Herman Rothstein, *pro se.*
*Bruce W. Baggarly*, for appellee.