43920. KELLEY v. FIRST FRANKLIN FINANCIAL
CORPORATION.
43921. KELLEY v. STOCKTON, WHATLEY, DAVIN &
COMPANY et al.
(351 SE2d 443)

GREGORY, Justice.

Kent E. Kelley filed two separate suits complaining about irregularities in two separate foreclosure sales where he submitted bids. The trial court granted summary judgment against Kelley in each suit. We consider both suits together here and affirm the judgments.

In 1984, Willie Slaughter executed a promissory note to First Franklin Financial Corporation secured by Slaughter's property in Henry County. Slaughter later defaulted on his debt, and First Franklin conducted a sale on January 7, 1986 to exercise its power of sale in the security deed. At the time of the sale Slaughter's debt was $9,044.71. First Franklin made a bid of $9,044.71. Kelley bid 21 silver dollars, and then protested when First Franklin was declared the high bidder.

On the same day, Stockton, Whatley, Davin & Company, a Florida corporation, conducted a sale of some Henry County property belonging to Eddie and Regina Blasingame who had defaulted on their obligations to the company under a deed to secure debt. Stockton bid $33,800 and was declared the high bidder. Again, Kelley appeared at the sale, bid 21 silver dollars and protested the sale.

On January 8, 1986, Kelley filed two suits. In one, Kelley named First Franklin as defendant. In the other, he named Stockton as defendant. In both complaints, Kelley alleged the high bids at the sale were not valid because checks were used and could not be considered legal tender. Thus, he alleged his bid of 21 silver dollars was the only valid bid and should have been accepted. Kelley asked the courts to declare title to the properties in his name. The defendants in each suit moved for summary judgment. In each, thirty days elapsed with no response filed by Kelley. Summary judgments were entered in each case.

Kelley contends the trial court erred in granting the motions for summary judgment without conducting an oral hearing. He argues the language of OCGA § 9-11-56 mandates an oral hearing and that a conflict arises between this statute and Rule 6.3 of the Uniform Rules of Superior Courts. See 253 Ga. 801.

Rule 6.3 provides: "Unless otherwise ordered by the court all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict. Oral argument on any motion shall be permitted upon written request."

OCGA § 9-11-56 makes several references to a hearing, but does not explicitly state a hearing must be held. Subsection 9-11-56 (c) provides in pertinent part: "The motion shall be served at least 30 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits." Also, subsection 9-11-56 (d) provides: "If on motion under this section judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and evidence before it and by interrogating counsel, shall . . . ascertain what material facts exist without substantial controversy. . . ."

We hold the rule and the statute work together consistently. The statute contemplates but does not mandate a hearing. The rule fixes the method parties use to obtain a hearing. In fact, Rule 6.3 insures a right to oral argument of a summary judgment motion by declaring it "*shall* be permitted upon written request." (Emphasis supplied.) Thus, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. See *Spikes v. Citizens State Bank*, 179 Ga. App. 479, 481 (347 SE2d 310) (1986).

All a party need do is make a written request for oral argument and it shall be held. See *Deal v. Rust Engineering Co.*, 169 Ga. App. 60 (311 SE2d 499) (1983). This, of course, is not to say the court lacks the power to order a hearing on its own motion. It has such power. Furthermore, Rule 6.3 does not thwart the obvious purpose of a hearing in summary judgment, which is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel. *Premium Distr. Co. v. Nat. Distr. Co.*, 157 Ga. App. 666, 669 (278 SE2d 468) (1981). *Sentry Ins. v. Echols*, 174 Ga. App. 541 (330 SE2d 725) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1987 —
RECONSIDERATION DENIED JANUARY 27, 1987.

Kent E. Kelley, *pro se.*
*Hansell & Post, R. Dal Burton,* for appellee (case no. 43920).
*Steven M. Collins,* for appellees (case no. 43921).