## 43956. DEPARTMENT OF TRANSPORTATION v. ARAPAHO CONSTRUCTION, INC.
(357 SE2d 593)

BELL, Justice.

We granted certiorari in this case to determine if the Court of Appeals correctly construed the "termination provision" of the parties' contract. *Dept. of Transp. v. Arapaho Constr., Inc.*, 180 Ga. App. 341 (1) (349 SE2d 196) (1986).

Appellee Arapaho Construction, Inc. (hereinafter Arapaho), was the bridge contractor for the appellant, Department of Transportation (hereinafter DOT), on the highway project known as the Presidential Parkway. The parties' contract provided, inter alia, that the DOT would provide the necessary rights-of-way in advance of actual construction activities. However, as outlined in the Court of Appeals' opinion, the DOT failed to procure the rights-of-way, as a result of which an injunction issued stopping all work on the Parkway. See *Dept. of Transp. v. Arapaho Constr., Inc.*, supra, 180 Ga. App. at 341-342; *Dept. of Transp. v. Brooks*, 254 Ga. 303 (328 SE2d 705) (1985); *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124 (337 SE2d 327) (1985).

Arapaho then instituted the instant action, claiming that the DOT breached its contractual obligation to provide the necessary rights-of-way. Following the filing of this action, the DOT terminated its contract with Arapaho under the termination provision of the parties' contract. The DOT also relied on the termination provision to defend this action, contending that Arapaho's right to recover damages was limited thereunder. The trial court ruled against the DOT, and the Court of Appeals affirmed, holding that the termination provision was not specific enough to limit the DOT's liability under the facts of this case. We affirm.

Stated briefly, the relevant portion of the termination provision provides that the DOT can terminate its contract with Arapaho when Arapaho is prevented from working on the project because of a court-ordered injunction. The termination provision also sets out guidelines limiting the DOT's liability in such situations. See *Dept. of Transp. v. Arapaho Constr., Inc.*, supra, 180 Ga. App. at 342, for the full text of the termination provision.

To begin, we note that termination provisions such as that contained in the parties' contract are generally considered valid and enforceable. Their recognized objective is to protect public agencies from vexatious litigation after they enter into contracts for large public improvements. E.g., *Kalisch-Jarcho, Inc. v. City of New York*, 448 NE2d 413 (2) (N.Y. 1983); Validity and Construction of "No Damage" Clause with Respect to Delay in Building of Construction Contract, Annot., 74 ALR3d 187, 203-206 (1976).

In construing the termination or no-damage clause of the instant contract, we start with the principle that "[t]he construction of a contract should be governed by the intent of the parties as expressed in the *entire* contract." *Peachtree On Peachtree Investors, Ltd. v. Reed Drug Co.*, 251 Ga. 692, 695 (308 SE2d 825) (1983). (Emphasis supplied.) Consistent with this principle, it is well-settled that termination or no-damage clauses will not be applied to delays or their causes not contemplated by the parties. E.g., *Corinno Civetta Constr. Corp. v. City of New York*, 493 NE2d 905, 910-912 (N.Y. 1986); *McGuire & Hester v. San Francisco*, 247 P2d 934 (Cal. Dist. Ct. App. 1952). Moreover, our Court of Appeals correctly noted that such provisions act as exculpatory clauses, and that they therefore " 'must be clear and unambiguous, they must be specific in what they purport to cover, and any ambiguity will be construed against the drafter of the instrument.' " *Dept. of Transp. v. Arapaho Constr., Inc.*, supra, 180 Ga. App. at 343 (quoting *Hall v. Skate Escape*, 171 Ga. App. 178, 180-181 (319 SE2d 67) (1984)). Accord, e.g., *Ace Stone, Inc. v. Wayne*, 221 A2d 515, 517 (N.J. 1966); *Grant Constr. Co. v. Burns*, 443 P2d 1005, 1011-1012 (Idaho 1968).

Applying these principles to the facts of the instant case, we reach the same conclusion as did our Court of Appeals — that the termination provision was not sufficiently specific and unambiguous to cover the DOT's failure to provide Arapaho the necessary rights-of-way to conduct its work. See *Dept. of Transp. v. Arapaho Constr., Inc.*, supra, 180 Ga. App. at 343. Viewing the contract as a whole, which we must, we see that in one section the DOT specifically contracted to provide Arapaho with the necessary rights-of-way. Moreover, the termination provision, which was drafted by the DOT, does not specifically refer to the DOT's fundamental obligation to acquire rights-of-way; it refers only to court-ordered injunctions. We therefore cannot conclude that the parties contemplated that the termination provision would apply to the DOT's breach of that contractual obligation. For cases reaching similar results in situations involving failures to provide rights-of-way or site preparation, see *McGuire & Hester v. San Francisco*, supra, 247 P2d; *Sheehan v. City of Pittsburg*, 62 A 642 (Penn. 1905); *Pitt Constr. Co. v. City of Dayton*, 237 F 305 (6th Cir. 1916); *Grant Constr. Co. v. Burns*, supra, 443 P2d.

The DOT contends that the above holding would render the termination clause meaningless. However, we will not undertake to anticipate what delays could arise in the execution of contracts such as the instant one, and whether such delays would be covered by the termination provision. We note, however, that with regard to the delay which has caused the present litigation, the DOT could simply have insisted on a provision in the contract to the effect that delays in acquiring rights-of-way might occur and that if such delays did occur,

they would be covered by the termination provision. See, e.g., *Newberg, Inc. v. State Toll Hwy. Auth.*, 506 NE2d 658 (Ill.App. 2 Dist. 1987). In its absence, however, Arapaho had the right to assume after it was told to proceed that the rights-of-way had been acquired or would be acquired without detriment to it.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Weltner, J., who dissent. Hunt, J., not participating.*

WELTNER, Justice, dissenting.

1. The plain terms of the contract suggest a result opposite from that reached by the majority. The applicable provision is as follows: "The Department may, by written notice, terminate the contract or a portion thereof when the Contractor is prevented from proceeding with the Contract as direct result of one of the following conditions . . . 3. An injunction is imposed by a court of competent jurisdiction which stops the Contractor from proceeding with The Work and causes a delay of such duration that it is in the Public Interest to terminate the Contract and the Contractor was not at fault in creating the condition which led to the court's injunction."

That contingency, plainly and unequivocally stated in the contract, is exactly what transpired in this case. *Dept. of Transp. v. Brooks*, 254 Ga. 303 (328 SE2d 705) (1985); *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124 (337 SE2d 327) (1985).

2. The majority suggests that this provision is inapplicable in that the Department failed to provide the necessary rights-of-way for the construction. The history of the case is contrariwise, as is apparent from our cited opinions. The Department acquired the rights-of-way — on two occasions. It was prohibited *by injunction* from utilizing them for the completion of the project.

I am authorized to state that Chief Justice Marshall joins in this dissent.

DECIDED JULY 9, 1987.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Charles M. Richards, Assistant Attorney General,* for appellant.

*Neely & Player, Michael R. Johnson,* for appellee.