A94A2078. DEPARTMENT OF TRANSPORTATION v. APAC-GEORGIA, INC.
(456 SE2d 668)

POPE, Presiding Judge.

On or about July 3, 1984, plaintiff APAC-Georgia, Inc. (APAC) contracted with the Department of Transportation (DOT) to recon-

struct approximately three miles of roadway and walls on part of the Downtown Atlanta I-75/I-85 connector. The agreed upon price of the job was $49,050,459.62. On July 12, 1984, DOT gave APAC written notice to proceed with the reconstruction. Under APAC's contract, the reconstruction project was to be completed by November 1, 1986. However, APAC did not substantially complete the project until September 26, 1988. It is undisputed that APAC received time extensions from DOT through the actual completion date, and no contractual liquidated damages were charged to APAC for failure to complete the project on time.

On July 11, 1990, APAC filed suit against DOT for breach of contract, and sought to recover damages in the amount of approximately $7,218,765 for delays, impacts and inefficiencies allegedly caused by DOT. DOT answered denying liability. On January 11, 1993, DOT filed a motion for partial summary judgment (Partial Summary Judgment Motion). After hearing oral argument on this motion, the trial court, by order dated October 5, 1993, denied all but one part of the motion. Subsequently, DOT filed a motion for summary judgment and, in the alternative, a second motion for partial summary judgment (Summary Judgment Motion). DOT also filed a motion to compel (Motion to Compel). DOT timely requested oral argument on these motions. Without holding oral argument, the trial court, in two separate orders dated February 15, 1994, partially denied DOT's Motion to Compel, and denied DOT's Summary Judgment Motion. The trial court entered a certificate of immediate review as to the denial of DOT's Summary Judgment Motion, and we granted DOT's application for interlocutory appeal.

*DOT's Partial Summary Judgment Motion.*

DOT's fourth, sixth, seventh and eighth designated enumerations of error relate to the trial court's October 5, 1993 order denying DOT's Partial Summary Judgment Motion. These enumerations will be addressed in the order in which their corresponding arguments were originally considered by the trial court.

1. In its eighth enumeration, DOT argues that the delay damages APAC seeks to recover in this case are barred as a matter of law by Standard Specification 105.07. We disagree. In *Dept. of Transp. v. Fru-Con Constr. Corp.*, 206 Ga. App. 821, 822 (1) (426 SE2d 905) (1992), we held that under Standard Specification 105.07, DOT could not be held vicariously liable for the untimely performance of its various contractors. However, as the trial court noted in its October 5, 1993 order, APAC does not argue that the damages it seeks to recover in this case were caused by the untimely performance of other contractors. Instead, APAC contends that its delay damages arose from

DOT's breach of its own duty to coordinate and control the work of other contractors.

We agree with the trial court that under Special Provision 105.07, which supplements Standard Specification 105.07, DOT did in fact have a duty to coordinate the project. Special Provision 105.07 states that in order "[t]o effect . . . cooperation and to coordinate all phases of the work, [DOT] will name one Engineer who, in effect, will be a Project Manager who will be given the authority to coordinate all phases of the construction. This Engineer shall be the sole judge of responsibility on this Project and shall make such rulings as necessary to control the work." Consequently, because DOT had a contractual duty to coordinate the project, APAC's claim for delay damages allegedly resulting from breach of that duty, rather than from the untimely performance of other contractors, is not barred by Standard Specification 105.07 or our holding in *Fru-Con*. Moreover, because a genuine issue of material fact exists as to whether DOT breached its duty to coordinate, we hold that the trial court did not err in denying that portion of DOT's Partial Summary Judgment Motion relating to Standard Specification 105.07.

2. In its fourth enumeration, DOT argues that APAC's claims for damages based on design errors and omissions and on breach of certain implied contractual obligations are ex delicto, and thus, barred by the doctrine of sovereign immunity. APAC contends that its claims are ex contractu. As the trial court stated in its order, "the nature of an action is to be determined . . . by the intrinsic contents of the petition, its recitals of fact, the nature of the wrong sought to be remedied, and the kind of relief sought." *A.A.A. Parking v. Bigger*, 113 Ga. App. 578, 580 (149 SE2d 255) (1966). "[W]here the breach complained of is simply the neglect of a duty such as is expressly provided by the contract itself, the action will be construed and treated as one brought ex contractu. [Cits.] This principle is also applicable where the breach complained of is simply the neglect of a duty provided by the contract by implication, either of law or of fact. [Cits.]" (Punctuation omitted.) Id. at 581.

In this case, APAC seeks to recover delay damages based on DOT's alleged breach of its express duty to coordinate and its alleged breach of certain implied duties, including the duty of good faith and fair dealing. We reject the contention that under *Fru-Con*, supra, claims against the State based on implied contractual duties are ex delicto, and thus barred by the doctrine of sovereign immunity. In *Fru-Con*, we held that there cannot be an express and implied contract for the same thing existing at the same time. 206 Ga. App. at 825 (3). In that case, we did not hold that the State could not be sued for breach of an implied contractual obligation in a written contract. Consequently, we agree with the trial court that APAC's claims are ex

contractu. "The state's defense of sovereign immunity is . . . waived as to any action ex contractu for the breach of any written contract . . . entered into by the state or its departments and agencies." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c). Accordingly, the trial court did not err in denying that portion of DOT's Partial Summary Judgment Motion relating to the issue of sovereign immunity.

3. In its seventh enumeration, DOT argues that Standard Specification 109.08.B bars APAC from recovering any prejudgment interest in this case. We disagree. "(E)xculpatory clauses must be clear and unambiguous, they must be specific in what they purport to cover, and any ambiguity will be construed against the drafter of the instrument." *Dept. of Transp. v. Arapaho Constr.*, 180 Ga. App. 341, 343 (1) (349 SE2d 196) (1986), aff'd 257 Ga. 269 (357 SE2d 593) (1987). In this case, Standard Specification 109.08.B seeks to bar recovery of prejudgment interest "for any sum claimed by the Contractor under the Contract or for any extra or additional work. . . ." The specification does not specifically bar the recovery of prejudgment interest on sums obtained for delay damages resulting from a breach of contract on the part of DOT. Moreover, it is unclear whether this specification was ever intended to apply to the type of damages sought by APAC in this case. It is well settled that exculpatory clauses "will not be applied to delays or their causes not contemplated by the parties." See *Arapaho Constr.*, 257 Ga. at 270. In this case, we cannot say as a matter of law that APAC and DOT ever contemplated that Standard Specification 109.08.B would be applicable to a breach of contract claim such as that advanced by APAC. Consequently, the trial court did not err in denying partial summary judgment to DOT on this issue.

4. In its sixth enumeration of error, DOT argues that six supplemental agreements executed by APAC and DOT, which specifically stated whether contract time would be extended for extra work provided for therein, and which compensated APAC for extra work, bar APAC from claiming damages resulting from that work. APAC argues that the supplemental agreements were limited to specific work activities and only apply to the extra labor, materials and work specifically described in each supplemental agreement. APAC also contends that the supplemental agreements do not cover damages for any delay, impact or inefficiency resulting from any extra work or arising from the original contract work. Furthermore, APAC contends that none of the supplemental agreements in question contain a waiver or release from liability for such alleged damages.

The term "supplemental agreement" is defined in Standard Specification 101.74 as: "[a] written agreement entered into by and between [DOT] and the Contractor, with the written assent of the Surety, covering modifications or alterations beyond the scope of the

original Contract, and establishing any necessary new Contract Items, any other basis of payment, and any time adjustments for *The Work* affected by the changes. This Agreement becomes a part of the Contract when properly executed and approved." (Emphasis supplied.) "The Work" is defined in Standard Specification 101.78 as: "the furnishing of all labor, materials, equipment, superintendence and other incidentals necessary or convenient to the successful completion of the Project and the carrying out of all the duties and obligations imposed by the Contract." Upon review of the six supplemental agreements, we conclude that a genuine issue of material fact exists as to whether DOT or APAC ever intended said agreements to compensate APAC for anything except the specific work or work related activities stated in said agreements. There is nothing in the supplemental agreements specifically barring APAC from recovering the delay, impact and inefficiency damages it seeks from DOT in this case. Thus, the trial court did not err in denying that portion of the Partial Summary Judgment Motion based on the supplemental agreements.

*DOT's Summary Judgment Motion.*

5. DOT filed its Summary Judgment Motion on November 24, 1993. At that time it also filed a written request for oral argument. In its ninth designated enumeration of error, DOT contends that the trial court erred in denying said motion without first hearing oral argument. We agree. Uniform Superior Court Rule 6.3 provides: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for [a] new trial and motions for judgment notwithstanding the verdict. However, oral argument on any motion for summary judgment *shall be permitted upon written request. . . .*" (Emphasis supplied.) Under this rule, "whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request for oral argument and it shall be held." (Citations and punctuation omitted.) *Thomas v. Schouten*, 210 Ga. App. 244, 245 (1) (435 SE2d 746) (1993). Moreover, the trial court's failure to hold oral argument cannot be considered harmless error, because doing so "would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right." *Dixon v. McClain*, 204 Ga. App. 531 (1) (420 SE2d 66) (1992). Consequently, we reverse the trial court's denial of DOT's Summary Judgment Motion, and we remand this case to the trial court with instructions that oral argument be heard on said motion.

6. In light of our holding in Division 5 of this opinion, we need not consider DOT's first, second, third and fifth designated enumera-

tions of error because they each are premised upon the trial court's denial of the Summary Judgment Motion.

*DOT's Motion to Compel.*

7. In its final enumeration of error, DOT contends that the trial court abused its discretion in failing to compel APAC to produce certain documents (Reasons For Low Production Reports) pursuant to DOT's Motion to Compel. We disagree. "The trial court is vested with a broad discretion over the use of discovery procedures and unless there is a clear abuse of its discretion, appellate courts will not interfere in its rulings." *Shannon v. Huntley's Jiffy Stores,* 174 Ga. App. 125 (1) (329 SE2d 208) (1985). Upon review of the record in this case we find no clear abuse of discretion. Therefore, this enumeration is without merit.

*Judgment affirmed in part and reversed and remanded in part with instruction. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995 —

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, G. Thomas Davis, Alison H. Price,* for appellant.

*Smith, Currie & Hancock, Robert B. Ansley, Jr., Fredric W. Stearns, Joseph P. Henner, Greenfield, Bost & Kliros, John W. Greenfield, Sutherland, Asbill & Brennan, William R. Wildman,* for appellee.