A96A1438. STANDEX INTERNATIONAL CORPORATION
v. DRIVER.
(478 SE2d 605)

BLACKBURN, Judge.

Standex International Corporation (Standex) appeals the partial grant of summary judgment in favor of plaintiff Melissa J. Driver in her personal injury suit. Driver sued Standex, asserting both negligence and strict liability claims, after she sustained an electrical shock from a freezer manufactured by Standex. Standex did not respond to Driver's motion for summary judgment, and the trial court granted summary judgment for Driver on the issue of liability.

Even though Standex failed to respond to the motion for summary judgment, "there is no such thing as a default summary judgment. By failing to respond to a motion for summary judgment, a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted. A motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and the evidence that the party so moving is entitled to prevail." (Citations and punctuation omitted.) *Ackerman & Co. v. Lostocco*, 216 Ga. App. 242, 244 (454 SE2d 792) (1995). As set forth in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), summary judgment is appropriate only when the moving party can demonstrate that no genuine issue of material fact exists, and that the undisputed facts, when viewed in the light most favorable to the nonmovant, warrant judgment as a matter of law.

The facts show that on August 3, 1992, Driver and her son entered Ariail's Food Store. While shopping, Driver stopped at the ice cream freezer and received a severe electrical shock when she touched the freezer door handle. The shock prevented Driver from letting go of the door handle, and the proprietor of the store had to knock her away from the freezer. Driver sustained injuries as a result of this incident, and Standex admits that it manufactured the freezer at issue.

The light switch inside the freezer had been improperly installed, so that a mounting screw inside the switch pinched a wire, eventually causing a short. Also, the convenience store itself had been improperly wired, with the result that when the freezer shorted, it was not grounded and Driver was shocked. As Standex did not respond to the motion for summary judgment, the fact that the freezer was defective is undisputed.

In support of her motion for summary judgment, Driver relied solely upon the affidavit of her expert, an electrical engineer, to establish that the defect in the freezer manufactured by Standex contributed to her injuries.[1] Specifically, this expert opined that the manufacturing defect and the failure to ground had to occur simultaneously in order to injure Driver.

The grant of summary judgment to plaintiff in this case was error because: "[O]pinion evidence can never be the basis for the grant of summary judgment in favor of a *plaintiff* even when, as here, the claim is one requiring the presentation of expert testimony by the plaintiff as a prerequisite to recovery." (Emphasis in original.) *Fussell v. Jones*, 198 Ga. App. 399, 400-401 (401 SE2d 593) (1991) (affirming denial of plaintiff's motion for summary judgment based on opinion testimony). See also *Ginn v. Morgan*, 225 Ga. 192, 193-194 (167 SE2d 393) (1969); *Wilson v. Norfolk Southern Corp.*, 200 Ga. App. 523, 526 (409 SE2d 84) (1991) (reversing the grant of summary judgment in favor of a third-party plaintiff based solely on opinion evidence).

*Judgment reversed and case remanded. Beasley, C. J., and Birdsong, P. J., concur.*

Decided October 28, 1996 —
Reconsideration denied November 21, 1996.

*Duncan & Mangiafico, Edgar S. Mangiafico, Jr.*, for appellant. *Perkins & Perkins, Ann-Margaret Perkins*, for appellee.

---

[1] Driver also supported her motion for summary judgment with the expert affidavits of two electricians and a commercial freezer technician, although only the engineer testified as to causation.