## A97A0206. VINCENT v. BUNCH et al.
(489 SE2d 592)

RUFFIN, Judge.

Charles Vincent sued attorney Gary Bunch and Gary Bunch, P.C. (collectively "Bunch") for legal malpractice and breach of fiduciary duty. Bunch moved for partial summary judgment and requested oral argument. Vincent responded to the motion one day late. Citing Vincent's failure to respond on time, Bunch moved to strike the response as untimely and requested that the trial court preclude Vincent from presenting oral argument on the motion. The trial court subsequently struck Vincent's response and granted partial summary judgment to Bunch without hearing oral argument from either side. Vincent now appeals from the trial court's grant of partial summary judgment. For reasons which follow, we reverse.

1. Vincent argues that the trial court committed reversible error by ruling on Bunch's summary judgment motion without holding oral argument. We agree.

Uniform Superior Court Rule ("USCR") 6.3 provides that "oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled 'Request for Oral Hearing,' and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response." Under this rule, " 'whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request for oral argument and it shall be held.' . . . [Cit.] Moreover, the trial court's failure to hold oral argument cannot be considered harmless error, because doing so 'would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right.' [Cit.]" *Dept. of Transp. v. APAC-Ga.*, 217 Ga. App. 103, 107 (5) (456 SE2d 668) (1995).

Bunch argues that Vincent forfeited his right to oral argument by not filing a timely response. A party who fails to respond to a summary judgment motion, however, " 'merely waives his right to present *evidence* in opposition to the motion. . . .' [Cit.]" (Emphasis supplied.) *Standex Intl. Corp. v. Driver*, 223 Ga. App. 645 (478 SE2d 605) (1996). The party does not waive the right to present oral *argument* on the motion. See *Spikes v. Citizens State Bank*, 179 Ga. App. 479, 481 (1) (347 SE2d 310) (1986) ("[i]f appellant[, who failed to respond to a summary judgment motion,] wanted to present oral argument, all he needed to do was request it in writing as provided in [USCR] 6.3 and it would have been permitted").

Bunch further contends that because Vincent did not request argument pursuant to USCR 6.3, he cannot complain about the trial court's refusal to hold argument. The record shows, however, that the

mandatory hearing requirements of USCR 6.3 were triggered *without* a request from Vincent. Bunch made a timely request for argument, which the trial court acknowledged by scheduling a hearing on the summary judgment motion. The scheduled date remained set until the parties arrived for the hearing, at which point the trial court struck Vincent's written response and determined that Bunch's motion could be ruled upon without oral argument. Vincent argues that until the hearing date, he reasonably relied upon Bunch's request and the trial court's hearing schedule in not filing his own oral argument request. We agree.

"The law does not require a useless act." *Tendler v. Thompson*, 256 Ga. 633, 634 (352 SE2d 388) (1987). Although Vincent certainly could have filed a separate request, it would have been cumulative and unnecessary under USCR 6.3, which requires that *"one of the parties"* request argument. (Emphasis supplied.) *Richmond Leasing Co. v. First Union Bank &c.*, 188 Ga. App. 843, 845 (2) (374 SE2d 746) (1988). The trial court had no discretion to deny oral argument in this case. Accordingly, we reverse the trial court's ruling on Bunch's motion for partial summary judgment, and we remand this case to the trial court with instructions that oral argument be held on the motion. See *APAC-Ga.*, supra; *Pit Stop v. Jackson*, 216 Ga. App. 648 (1) (455 SE2d 358) (1995).

2. In light of our decision in Division 1, Vincent's remaining enumerations of error are moot. *Pit Stop*, supra at 649.

3. Finally, the parties have filed several motions with this Court. Vincent has moved to strike Bunch's brief on appeal, and Bunch has moved for sanctions for frivolous appeal. Upon review, we hereby deny both motions.

*Judgment reversed and case remanded with instruction. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 18, 1997 —

*Cabaniss & Adkins, George M. Cabaniss, Jr.*, for appellant.
*Hawkins & Parnell, H. Lane Young II, Edward C. Henderson, Jr.*, for appellee.
*Gary P. Bunch*, pro se.