A97A2346. CARROLL ANESTHESIA ASSOCIATES, P.C.
v. ANESTHECARE, INC. et al.
(495 SE2d 897)

BEASLEY, Judge.

Plaintiff Carroll Anesthesia Associates, P.C. ("Carroll") sued Anesthecare, Inc. and others for tortious interference with contractual and business relations. Defendants moved for summary judgment and simultaneously filed a separate written request for oral argument on the motion. Carroll responded to the motion but did not request oral argument. Shortly thereafter, the court granted summary judgment to defendants.

1. Carroll contends the trial court erred by granting summary judgment without first holding oral argument as required by Uniform Superior Court Rule 6.3.

"[USCR] 6.3 provides that 'oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response.' Under this rule, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request for oral argument and it shall be held."[1]

Defendants, as in *Vincent v. Bunch*,[2] argue that because Carroll "did not request argument pursuant to USCR 6.3, [it] cannot complain about the trial court's refusal to hold argument."[3] *Vincent* rejected this argument, reasoning that "the mandatory hearing requirements of USCR 6.3 were triggered without a request from [plaintiff]."[4] The defendants' timely request set the wheels in motion. "The law does not require a useless act. Although [plaintiff] certainly could have filed a separate request, it would have been cumulative and unnecessary under USCR 6.3, which requires that 'one of the

---

[1] (Citations and punctuation omitted.) *Vincent v. Bunch*, 227 Ga. App. 480 (1) (489 SE2d 592) (1997); see *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 623-624 (351 SE2d 443) (1987); *Dept. of Transp. v. APAC-Georgia*, 217 Ga. App. 103, 107 (5) (456 SE2d 668) (1995).

[2] See n. 1, supra.

[3] 227 Ga. App. at 480.

[4] (Emphasis omitted.) Id. at 480-481.

parties' request argument. The trial court had no discretion to deny oral argument in this case."[5] Contrary to defendants' contention, the appearance of both *Vincent* parties at the courthouse for an oral argument that was canceled was not the factor triggering the *Vincent* plaintiff's right to oral argument. The rule of procedure, which is to be uniformly applied, must be enforced.

Defendants assert harmless error, contending that reversing the judgment and remanding the case to the court for oral argument will give that court "no reason" to decide the case differently. That we do not know, as the plaintiff has been deprived of the full opportunity to be heard afforded by the rule. Its argument may shed further light on the merits of its motion, enhance the court's understanding of the undisputed facts and their significance in relationship to each other, and persuade. Moreover, "the trial court's failure to hold oral argument cannot be considered harmless error, because doing so would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right."[6] Nor does the fact that the appellate courts review summary judgment rulings de novo, so that omitting the step would simply streamline the process, justify noncompliance. Since addressing the question of harmless error in *Dixon v. McClain*,[7] we have consistently required oral argument, when properly requested by a party, as a meaningful contribution to the goal of legally correct resolution of disputes.[8]

Accordingly, the trial court's ruling on defendants' motion for summary judgment is reversed and the case is remanded for oral argument.

2. Carroll's remaining enumerations of error are moot.[9]

*Judgment reversed with instruction. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 21, 1998.

*J. Hue Henry, Christopher L. Casey*, for appellant.
*Glass, McCullough, Sherrill & Harrold, Geoffrey H. Cederholm*, for appellees.

---

[5] (Citations, punctuation, and emphasis omitted.) Id. at 481.
[6] (Citations and punctuation omitted.) Id. at 480.
[7] 204 Ga. App. 531 (1) (420 SE2d 66) (1992).
[8] See *Vincent*, supra, 227 Ga. App. at 481; *Premo v. Ga. Ports Auth.*, 227 Ga. App. 27, 28 (1) (488 SE2d 106) (1997); *APAC-Georgia*, supra, 217 Ga. App. at 107 (5); *Pit Stop v. Jackson*, 216 Ga. App. 648 (1) (455 SE2d 358) (1995); *Southeast Reducing Co. v. Wasserman*, 213 Ga. App. 763 (445 SE2d 859) (1994).
[9] *Vincent*, supra, 227 Ga. App. at 481 (2); *Pit Stop*, supra, 216 Ga. App. at 649 (2).