A99A0331. BENNETT et al. v. McDONALD et al.
(518 SE2d 912)

POPE, Presiding Judge.

Francine C. McDonald died intestate on January 3, 1997. Her son-in-law, Charles S. Bennett, filed an application for letters of administration with the probate court after having been selected by a majority of the deceased's heirs at law. The deceased's husband, Homer W. McDonald, Jr., filed a caveat and objection to Bennett's application and filed his own application for letters of administration. The deceased's children, C. L. Pritchett and Harold Pritchett, filed a caveat and objection to McDonald's application. The probate court appointed Bennett the administrator of the estate and McDonald appealed to the superior court.

In the superior court, McDonald filed a motion for summary judgment seeking to be appointed administrator of the estate. Bennett and the deceased's children (hereinafter Bennett) responded to McDonald's motion by filing their own summary judgment motion

seeking to have Bennett appointed administrator of the estate. Bennett also filed a separate request for oral argument pursuant to Uniform Superior Court Rule 6.3, and a hearing date was set for November 2, 1998. However, on August 26, 1998, without holding a hearing, the trial court granted McDonald's motion for summary judgment and appointed him administrator of the estate. On September 15, 1998, the trial court issued on order dismissing Bennett's motion for summary judgment as moot.

Bennett argues that the trial court erred by granting summary judgment to McDonald without first hearing oral argument. Bennett relies on *Carroll Anesthesia Assoc., P.C. v. Anesthecare,* 230 Ga. App. 269 (495 SE2d 897) (1998), in which we held that it is not necessary for a party to file a separate request for oral argument if the other party has already filed a request. Applying that logic to this case, Bennett argues that filing a separate request for oral argument on McDonald's motion was unnecessary because the issues of law and fact raised in the parties' respective motions were inextricably intertwined. Thus, Bennett argues, filing separate requests on each motion in this case would be a "useless act." Id.

We agree that reversal for failure to hold the requested hearing is required under the facts of this case. The summary judgment motions could not be considered and decided separately. The grant of summary judgment to one party in this case resulted in an automatic denial of the others party's motion. The trial court dismissed Bennett's motion after finding it had been rendered moot by the granting of McDonald's motion. Obviously, Bennett's request for oral argument was also rendered moot when summary judgment was granted to McDonald. But under Uniform Superior Court Rule 6.3, the trial court was required to conduct oral argument once Bennett filed a timely written request.

> Having timely requested a hearing, a litigant should not have summary judgment granted against him without having had the opportunity to convince the trial court to the contrary and a trial court should not grant summary judgment against him without having availed itself of the opportunity to interrogate counsel.

*Dixon v. McClain,* 204 Ga. App. 531 (1) (420 SE2d 66) (1992). Since the motions in this case could not be considered separately, the trial court erred by granting summary judgment to McDonald without first hearing oral argument.

Moreover, we have consistently refused to apply a harmless error test to the failure to hold oral argument. *Carroll Anesthesia,* 230 Ga. App. at 270, fn. 8. "To hold that a failure to conduct the

timely requested hearing can nevertheless constitute mere harmless error would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right." *Dixon v. McClain*, 204 Ga. App. 531.

Although Bennett urges that we consider the merits of this appeal,

> [w]here the trial court has not had the opportunity to consider the arguments of counsel at a timely requested hearing, appellate review of the record is premature. Indeed, oral argument may illuminate issues obscured by the record or result in admissions by counsel that affect the summary judgment analysis. Accordingly, we decline to address the merits of [this appeal] in the interest of promoting judicial economy and remand this case to the trial court for further proceedings.

*Howard v. McFarland*, 233 Ga. App. 286 (503 SE2d 900) (1998).
*Judgment reversed. Smith and Eldridge, JJ., concur.*

DECIDED JUNE 3, 1999.

*Hulsey, Oliver & Mahar, R. David Syfan*, for appellants.
*Christopher W. Duncan, Timothy P. Healy*, for appellees.