## A06A0558. LANDSBERG v. POWELL.
### (627 SE2d 922)

Phipps, Judge.

Robert Landsberg sued Thomas Powell in the State Court of Fulton County. Although Powell did not file a timely answer, he later moved to open his default and for summary judgment or dismissal of the complaint. The court granted these motions without holding an oral hearing even though one had been requested by Powell under Uniform Superior Court Rule (USCR) 6.3. Landsberg appeals, contending that the court erred in granting Powell's motions without holding the mandated hearing. We agree and, therefore, reverse and remand for further proceedings.

On or about January 5, 2002, a collision occurred between motor vehicles operated by Landsberg and Powell. On December 12, 2003, Landsberg filed a negligence action against Powell in the state court to recover for personal injuries he sustained in the collision. On December 15, the marshal's attempt to serve Powell at his last known address in Fulton County was unsuccessful because Powell no longer resided there. On January 7, 2004, Landsberg sought to effect notorious service on Powell by leaving a copy of the complaint and summons with his mother, Linda Powell, in Screven County at their alleged place of abode.

Powell did not file responsive pleadings until April 5, 2004, when he filed a limited appearance and answer, a motion for summary judgment and motion to dismiss, and a motion to open default. In these pleadings, Powell sought dismissal of the complaint for insufficiency of service of process on the ground that he had been a Fulton County resident at all relevant times and because of Landsberg's failure to exercise due diligence in perfecting service of process on him before expiration of the statute of limitation. Pursuant to USCR 6.3, Powell filed requests for oral argument on all motions.

On May 13, counsel for Powell sent the court a letter pointing out that more than 30 days had passed since he had filed his motions for summary judgment and to dismiss and that Landsberg had not filed a response. Powell asked the court to rule on the motions or set the matter down for oral argument at the next available motions calendar. Counsel for Landsberg in turn sent the court a letter on May 19. In the letter, counsel informed the court that he had talked to co-counsel for Powell, that they were attempting to resolve the issues themselves, and that they anticipated doing so. The letter further stated that, nonetheless, opposing counsel had agreed that Powell's motions should be placed on a hearing calendar, but that they would duly report any resolution of the issues to the court. On June 30, counsel for Powell sent the court another letter pointing out that his

motions remained unopposed and again requesting that the matter be set down for oral argument at the next available motions calendar.

Instead, the court entered orders on August 3, 2004, granting Powell's "unopposed" motions to open default, for summary judgment, and to dismiss. Landsberg then filed a motion to set aside the orders, along with a supporting affidavit. No ruling on the motion appears of record, and Landsberg filed a timely notice of appeal from the orders.

USCR 6.3 provides:

> Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict. However, oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response.

Unless otherwise ordered by the judge, USCR 6.2 requires each party opposing a motion to serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion. Uniform State Court Rule 6.2 additionally provides that if a hearing is held sooner than 30 days after service of the motion, a response and supporting material may be filed on the date of the hearing.

The obvious purpose of a hearing on a summary judgment motion is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel.[1] And where one party files a request for a hearing, the opposing party is entitled to rely on the fact that a hearing will be held without having to file a duplicate request; the trial court's failure to hold oral argument so requested cannot be considered harmless error.[2]

We recognized in *Stewart v. Turner*[3] that USCR 6.3 does not require a court to grant a request for an oral hearing on a motion to open a default, as opposed to a motion for summary judgment. But in

---

[1] *Kelley v. First Franklin Financial Corp.*, 256 Ga. 622, 624 (351 SE2d 443) (1987).

[2] See *Carroll Anesthesia Assoc. v. Anesthecare, Inc.*, 230 Ga. App. 269, 269-270 (1) (495 SE2d 897) (1998).

[3] 229 Ga. App. 119, 120 (1) (493 SE2d 251) (1997).

*Bennett v. McDonald*,[4] where one party had filed a motion for summary judgment with a request for oral argument while the other party had filed a cross-motion for summary judgment without such a request, we held that under USCR 6.3 the court erred in granting the nonrequesting party's motion without conducting a hearing, because the motions could not be considered and decided separately and the grant of the one resulted in automatic denial of the other.

We have held that the failure to file a response to a motion for summary judgment or to other motions pursuant to USCR 6.2 does not entitle the movant to grant of the motion but merely waives the opponent's right to present evidence in opposition to the motion.[5] In *Vincent v. Bunch*,[6] we additionally held that by failing to file a response to a motion for summary judgment under the requirements set forth in USCR 6.2, a party does not waive the right to present oral argument on the motion.

And in *Coastal Plains Trucking Co. v. Thomas County Fed. S & L Assn.*,[7] we recognized that to the extent that the 30-day requirement of USCR 6.2 conflicts with that part of OCGA § 9-11-56 (c) allowing the party opposing a motion for summary judgment to file opposing affidavits up until the day prior to the hearing, the rule must yield to the statute.

Thus, Landsberg had a right to rely on Powell's request for an oral hearing on his motion for summary judgment, and Landsberg's failure to file a response to the motion did not waive that right. In fact, notwithstanding USCR 6.2's 30-day requirement, OCGA § 9-11-56 (c) entitled Landsberg to file opposing affidavits until the day before the hearing (even if held more than 30 days after service of the motion, thereby rendering Uniform State Court Rule 6.2's additional proviso inapplicable).

Although USCR 6.3 required no hearing on Powell's motion to open default, that motion and his combined motion for summary judgment or dismissal were entwined in much the same way as were the cross-motions for summary judgment in *Bennett*. In order to open the default, Powell had to set up a meritorious defense.[8] According to Powell, the meritorious defense entitled him to summary judgment or dismissal. On these interrelated questions, Landsberg has a right to be heard.

---

[4] 238 Ga. App. 414 (518 SE2d 912) (1999).

[5] See *Neely v. Jones*, 264 Ga. App. 795 (592 SE2d 447) (2003); *Vincent v. Bunch*, 227 Ga. App. 480 (1) (489 SE2d 592) (1997).

[6] Supra.

[7] 224 Ga. App. 885 (482 SE2d 493) (1997).

[8] *Exxon Corp. v. Thomason*, 269 Ga. 761 (1) (504 SE2d 676) (1998).

There is no merit in Powell's argument that he effectively withdrew his oral argument request in his May 13 letter to the court. Although that letter did ask the court to either set Powell's motions down for a hearing *or* rule on them, Landsberg followed up with a letter on May 19 specifically requesting that the motions be placed on the calendar for a hearing. No resolution of the issues was reported to the court. And on June 30 Powell wrote to the court again requesting that the matter be set down for oral argument.

*Judgment reversed and case remanded. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED MARCH 6, 2006.

*Todd K. Maziar*, for appellant.
*Greer, Klosik, Daugherty & Swank, William L. Swank II, Bryan M. Hausner*, for appellee.