### A09A1409. FITZPATRICK v. HARRISON.
(686 SE2d 322)

ADAMS, Judge.

Richard C. Fitzpatrick filed a complaint asserting claims for legal malpractice and intentional infliction of emotional distress against Anthony L. Harrison in connection with Fitzpatrick's divorce. In response, Harrison filed a motion to dismiss the complaint on the grounds that (1) the claims were barred by the doctrine of collateral estoppel; (2) the complaint failed to state a claim for legal malpractice; (3) the claims were barred by the applicable statute of limitation; and (4) the claim for intentional infliction of emotional distress was barred because OCGA § 51-7-80 et seq. is the exclusive remedy for claims arising out of the abuse of the legal process. Fitzpatrick opposed Harrison's motion and requested an oral hearing. But the trial court granted the motion to dismiss without a hearing, ruling that the complaint failed to state a claim for legal malpractice and that the claim for intentional infliction of emotional distress was time-barred.

On appeal, Fitzpatrick asserts, inter alia, that Harrison converted his motion to dismiss into a motion for summary judgment by attaching evidence in support and that the trial court, therefore, erred in ignoring Fitzpatrick's request for a hearing on the motion as required under OCGA § 9-11-56 and Uniform Superior Court Rule 6.3. We agree.

> If, on motion to dismiss for failure to state a claim, the trial court elects to consider matters outside of the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by" that code section. OCGA § 9-11-12 (b).

(Punctuation omitted.) *Cox Enterprises v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000). Here it is apparent that the trial court considered matters outside the pleadings in ruling upon Harrison's motion. For example, the trial court's findings of fact recite that Harrison recommended mediation to Fitzpatrick and that the parties did not execute a fee or service agreement. These are not matters contained

in the pleadings filed in this action; rather, they are found in affidavits and testimony in the divorce proceeding underlying the claims in this case. Harrison attached motions and supporting documents from the divorce proceeding as exhibits to his motion to dismiss in this case.

The trial court indicated that it was taking judicial notice of the "physical pleadings" from the divorce action, but "not of any legal conclusion contained therein," and that it considered them in ruling on Harrison's motion. But the trial court could not properly make factual findings based upon evidence contained in those pleadings "because such issues are a matter of proof that cannot be judicially noticed." *Nationsbank v. Tucker*, 231 Ga. App. 622, 623 (1) (a) (500 SE2d 378) (1998). "The role of judicial notice is to eliminate formal proof as to: (1) 'matters of which the general public has common knowledge'; (2) 'facts which are readily ascertainable by reference to some reliable source, and are beyond dispute'; and (3) 'matters which are within the special province of the judge.'" (Citations omitted.) Id. See also OCGA § 24-1-4.[1] We conclude, therefore, that in considering evidence from the other proceeding, the trial court converted the motion to dismiss into a motion for summary judgment.

Accordingly, the trial court erred in failing to grant Fitzpatrick's request for a hearing on the motion and we reverse the trial court's order on that ground.

> Having timely requested a hearing, a litigant should not have summary judgment granted against him without having had the opportunity to convince the trial court to the contrary and a trial court should not grant summary judgment against him without having availed itself of the opportunity to interrogate counsel.

(Citation and punctuation omitted.) *Bennett v. McDonald*, 238 Ga. App. 414, 415 (1) (518 SE2d 912) (1999). See also *Landsberg v. Powell*, 278 Ga. App. 13, 15 (627 SE2d 922) (2006). This Court has consistently held that the failure to hold oral argument on a motion for summary judgment is not harmless error. *Heartwood II v. Jones*, 296 Ga. App. 303, 304 (674 SE2d 365) (2009); *Bennett*, 238 Ga. App. at 416.

In the absence of a summary judgment hearing, we cannot

---

[1] Moreover, before a trial court may take judicial notice of any fact, "it must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken." *Graves v. State*, 269 Ga. 772, 775 (4) (a) (504 SE2d 679) (1998), overruled on other grounds, *Jones v. State*, 272 Ga. 900, 901-903 (2) (537 SE2d 80) (2000).

consider the merits of the parties' arguments.

> [W]here the trial court has not had the opportunity to consider the arguments of counsel at a timely requested hearing, appellate review of the record is premature. Indeed, oral argument may illuminate issues obscured by the record or result in admissions by counsel that affect the summary judgment analysis. Accordingly, we decline to address the merits of (this appeal) in the interest of promoting judicial economy and remand this case to the trial court for further proceedings.

(Citation and punctuation omitted.) *Bennett*, 238 Ga. App. at 416. *Judgment reversed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 30, 2009.

*Julian H. Toporek*, for appellant.
*Gilbert, Harrell, Sumerford & Martin, Wallace E. Harrell*, for appellee.