**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 9, 2019**

# In the Court of Appeals of Georgia

A18A2070. HOLLADAY v. CUMMING FAMILY MEDICINE, INC.

BROWN, Judge.

The trial court granted summary judgment to Cumming Family Medicine, Inc. ("Cumming") in its action against D. Janene Holladay for breach of a settlement agreement. Holladay appeals, contending that the trial court erred in granting the motion without holding a hearing. We agree.

The record reflects that Cumming filed its complaint for breach of the parties' settlement agreement on January 16, 2018, along with plaintiff's first request for admissions, first continuing interrogatories, and request for production of documents. Holladay was served on January 25, 2018, and filed an answer on February 23, 2018, admitting the settlement agreement, but denying any default on her part. Holladay did

not respond to the discovery requests. On March 5, 2018, Cumming moved for summary judgment. On March 16, 2018, the trial court issued a rule nisi on the motion as follows: "Plaintiff's Request for Hearing on Plaintiff's Motion for Summary Judgment having been considered, it is hereby ordered that a hearing be had before me on the 24th day of April, 2018, at the Madison County Courthouse . . . to show cause why the relief sought by the Defendant (sic) should not be granted."[1] Holladay did not file a response to the motion for summary judgment. In an order entered on April 13, 2018, 11 days before the scheduled hearing, the trial court granted Cumming's motion for summary judgment.

Uniform Superior Court Rule ("USCR") 6.3 provides:

Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict.

However, oral argument on a motion for summary judgment shall be permitted upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing," and

---

[1] Despite the language in the rule nisi, there is no evidence in the record that either party filed a request for oral argument.

provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response.

"Under this rule, whether oral argument is heard is within the power of the parties, and is not left to the discretion of the trial court. All a party need do is make a written request . . . and it shall be held." (Punctuation and footnote omitted.) *Carroll Anesthesia Assoc. v. Anesthecare*, 230 Ga. App. 269 (1) (495 SE2d 897) (1998). Where one party files such a request, the opposing party is permitted to rely on the fact that a hearing will be held without having to file a duplicate request. See *Landsberg v. Powell*, 278 Ga. App. 13, 14 (627 SE2d 922) (2006). See also *Carroll Anesthesia*, 230 Ga. App. at 269 (1) ("[a]lthough [the opposing party] certainly could have filed a separate request, it would have been cumulative and unnecessary under USCR 6.3, which requires that one of the parties request argument") (punctuation and footnote omitted). Conversely, a trial court is not required to hold oral argument in the absence of a separate written request, but may order a hearing on its own motion. See *Kelley v. First Franklin Financial Corp.*, 256 Ga. 622, 623 (351 SE2d 443) (1987); *Condon v. Vickery*, 270 Ga. App. 322, 325 (2) (606 SE2d 336) (2004).

Cumming contends that Holladay "'was given an opportunity to be heard and chose not to avail herself of that opportunity. If she had wished to present oral

argument, she need only have made a written request therefor [pursuant to USCR 6.3] and it would have been permitted.'" Relying on *Hunt v. Thomas*, 296 Ga. App. 505 (675 SE2d 256) (2009), Cumming further argues that Holladay's "silence and inaction resulted in a waiver of her right to complain on appeal that the trial court erred in failing to hold a hearing on the motion for summary judgment." These arguments, however, ignore the rule nisi, on which Holladay was authorized to rely. While we acknowledge that it appears neither party filed a request for oral argument, once the trial court issued the rule nisi setting the summary judgment hearing for April 24, 2018, Holladay had a right to rely on that hearing date until the trial court vacated or withdrew the rule nisi, regardless of whether (a) she responded to the motion or (b) Cumming actually filed such a request. See *Rothstein v. DeKalb County Hosp. Auth.*, 153 Ga. App. 69, 70 (264 SE2d 550) (1980) (reversing trial court's grant of default judgment entered prior to hearing on summary judgment and finding that defendant was entitled to hearing on his motion for summary judgment where trial court had issued a rule nisi setting the hearing). See also *Kelley*, 256 Ga. at 623 (trial court has power to order hearing on its own motion); *Landsberg*, 278 Ga. App. at 15 (plaintiff's failure to file a response to defendant's motion for summary judgment did not waive plaintiff's right to an oral hearing: "[N]otwithstanding USCR 6.2's 30-day

4

requirement, OCGA § 9-11-56 (c) entitled [plaintiff] to file opposing affidavits until the day before the hearing [–] even if held more than 30 days after service of the motion").

This Court has repeatedly held that a party's failure to respond to a motion for summary judgment does not waive the right to present oral argument on the motion; the party only waives its right to present *evidence* in opposition to the motion. See *Vincent v. Bunch*, 227 Ga. App. 480 (1) (489 SE2d 592) (1997). The purpose of a summary judgment hearing "is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel." *Landsberg*, 278 Ga. App. at 15. For this reason, a trial court's failure to hold oral argument is reversible error and cannot be considered harmless. See *Barker v. Elrod*, 291 Ga. App. 871 (1) (663 SE2d 289) (2008). Accordingly, we vacate the trial court's order granting summary judgment to Cumming and remand the case back to the trial court for oral argument on the motion for summary judgment.

*Judgment vacated and case remanded with direction. Miller, P. J., and Goss, J., concur.*