**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 8, 2024**

# In the Court of Appeals of Georgia

A24A0370. PHAM et al. v. BUCKHEAD WALK ASSOCIATION, LLC.

WATKINS, Judge.

Tuyen Pham and Trina Nail and Spa Limited (collectively, the "Nail Bar") appeal from an order granting a motion for partial summary judgment as to liability filed by Buckhead Walk Associates, LLC ("Buckhead Walk"). Because the trial court failed to hold oral argument after a party requested it, we vacate the order and remand for the trial court to hold oral argument on the motion for partial summary judgment.

The record reflects that Buckhead Walk filed a dispossessory complaint, alleging that the Nail Bar had breached several non-monetary terms of the parties' commercial lease agreement. The Nail Bar answered, denying any default of the lease.

Buckhead Walk filed a motion for partial summary judgment as to liability. On the same day, Buckhead Walk filed a "Request for Oral Argument." The Nail Bar responded to the summary judgment motion. The following month, on July 24, 2023, a document titled "Rule Nisi" was filed on the docket, but the lines to fill in a hearing date and time, courtroom information, and the judge's signature were all blank.

Then, on August 9, 2023, Buckhead Walk filed a "Withdrawal of Oral Argument on Summary Judgment," which stated that the case had "appeared for oral argument" earlier that afternoon and that Buckhead Walk had withdrawn its demand for oral argument in open court and that the Nail Bar had not otherwise made a demand for oral argument. The following day, the trial court entered partial summary judgment as to liability in favor of Buckhead Walk. This appeal followed.

1. On appeal, the Nail Bar argues that the trial court erred by failing to provide notice of oral argument and then allowing Buckhead Walk to unilaterally withdraw its request and entering partial summary judgment on liability. Buckhead Walk concedes that the trial court "may" have erred. We agree that the trial court erred.

Uniform Superior Court Rule 6.3 provides, in relevant part, that "oral argument on a motion for summary judgment shall be permitted upon written request

made in a separate pleading bearing the caption of the case and entitled 'Request for Oral Hearing,' and provided that such pleading is filed with the motion for summary judgment or filed not later than five (5) days after the time for response."

It is well settled that "[w]here one party files such a request, the opposing party is permitted to rely on the fact that a hearing will be held without having to file a duplicate request."[1] "The obvious purpose of a hearing on a summary judgment motion is to provide counsel with an opportunity to persuade the court and to provide the court with an opportunity to interrogate counsel."[2] Thus, "we have consistently refused to apply a harmless error test to the failure to hold oral argument. To hold that a failure to conduct the timely requested hearing can nevertheless constitute mere harmless error would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right."[3]

---

[1] *Holladay v. Cumming Family Medicine, Inc.*, 348 Ga. App. 354, 355 (823 SE2d 45) (2019).

[2] *Landsberg v. Powell*, 278 Ga. App. 13, 14 (627 SE2d 922) (2006).

[3] (Citations and punctuation omitted.) *Bennett v. McDonald*, 238 Ga. App. 414, 415-416 (1) (518 SE2d 912) (1999).

The record here confirms that Buckhead Walk timely requested oral argument. However, the trial court granted partial summary judgment without holding a properly noticed hearing.[4] Because the trial court committed reversible error in depriving Nail Bar of the full opportunity to be heard afforded by Rule 6.3, we vacate the partial summary judgment order and remand for oral argument.[5]

2. In light of our conclusion in Division 1, the Nail Bar's remaining claim of error is moot.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Hodges, J., concur.*

---

[4] See *Sunset Help, LLC v. Community & Southern Bank*, 331 Ga. App. 57, 58-59 (1) (769 SE2d 770) (2015) (reversing summary judgment order entered prior to scheduling the hearing to which the appellant was entitled); *Sprint Transp. Group, Inc. v. China Shipping NA Agency, Inc.*, 313 Ga. App. 454, 456 (721 SE2d 659) (2011) ("Absent notice of the hearing to the proper party or attorney of record, the judgment suffers from a nonamendable defect.") (citation and punctuation omitted).

[5] See *Carroll Anesthesia Assocs., P.C. v. Anesthecare, Inc.*, 230 Ga. App. 269, 269-270 (495 SE2d 897) (1998).